Moncure, J.
This is an action .of debt brought in the name of Doddridge and Miller against D. J. W. and John N. Clarkson, on three bonds for the sum of four thousand seven hundred and twenty dollars and sixty-six and two-thirds cents each, dated December 25th, 1851, and payable nine, eighteen and twenty-four *43 months after date. The obligees in whose names the action is brought, are styled “ commissioners” in the bonds; and the said sum of money is therein described, respectively, as the “4 first,’ ! second’ and ' third’ payment on salt property of the late Charles G. Reynolds, sold to D. J. W. Clarkson this day.” The declaration is in the ordinary form. There was a general demurrer to the declaration; in which the plaintiffs joined. The defendants also tendered a special plea in bar, averring, in effect, therein, that the said bonds were executed to the plaintiffs as commissioners appointed in a chancery suit to sell certain lands; that-before the said action was commenced, the said plaintiffs were substituted by the appointment of other commissioners in the said suit, to wit, Quarrier and Gillison; and that thereby the right of action on the said bonds was taken from the said plaintiffs, and vested and now remains in said Quarrier and Gillison. To this plea the plaintiffs objected; and the objection was sustained by the court; “being of opinion that the plea aforesaid does not present a good and sufficient bar to the action brought in this case in the name of Doddridge and Miller, to recover the sums secured to be paid by the several writings obligatory upon which it is founded; and that the present commissioners have a right to sue upon said bonds in the name of said Miller and Doddridge.” To this opinion the defendants excepted: and showing no ground in support of their demurrer to the declaration, it was overruled; and judgment was rendered for the plaintiffs for debt, interest and costs. That judgment is now before this court for revision on a writ of supersedeas.
The only error assigned in the judgment is in the ■ rejection of the special plea. Did the court err in rejecting it? Was the action properly brought in the names of the commissioners to whom the bonds were *44 payable? Or ought it to have been brought in the liames of the new and substituted commissioners?
It is a general rule, that an action on a contract mus£ 5roUght in the name of the party in whom the legal interest in such contract is vested. The legislature alone has power to make an exception to this rule. An exception is made by the Code, ch. 144, § 14, p. 583; which authorizes the assignee of any bond, note or writing not negotiable, to maintain thereupon any action in his own name which the original obligee or payee might have brought. The assignee acquires only an equitable right with a capacity, expressly given him by statute, to assert it at law in his own name. But the legal title still remaining in the obligee or payee, a right of action is incident thereto; and the assignee may, at his election, sue at law in his own name, or in that of the obligee or payee for his benefit. Garland v. Richeson, 4 Rand. 266. Another exception seems to be made by the Code, ch. 116, § 2, p. 500.
It is also a general rule, that the legal interest in an obligation for the payment of money is vested in the obligee or his personal representative. The exceptions to this rule also must be derived from the statute law; and are few in number. An exception arises in England under the statute of bankruptcy, which expressly vests the bankrupt’s right of property and of action in his assignees; who may therefore maintain in their own name an action on a bond payable to the bankrupt. A bond payable to a corporation aggregate, is not an exception to the rule; though an action thereon must be brought in the name of the corporation, and not of the persons composing it when the bond is executed, or their personal representatives. The corporation itself, and not the persons composing it, is the obligee; and the case therefore falls within *45 the rule and not the exceptions. A different rule is said to be applicable to a bond payable to a person who is a corporation sole; in which case, an action law upon the bond must, after his death, be brought in the name of his personal representative, and not his successor. There is a strong instance of this kind in a case very recently decided by the Court of queen’s bench, in which it was held that a bond given to the ordinary by an administrator, under the statute of distributions, passes, on the ordinary’s death, to his personal representative, and not to his successor. Howley v. Knight, 14 Ad. & El. 240, 68 Eng. C. L. R. 238.
In the case under consideration, the bonds are payable to Miller and Doddridge, the old commissioners, in whom, therefore, by the very terms of the bonds, and according to the general rule of law before stated, the legal interest in, and right of action on, the bonds were vested. There is no law in existence which divests this legal interest and right of action. The court of chancery, it is true, was authorized by law' to substitute new, -in place of the old, commissioners. But the effect of such substitution was not to transfer the legal interest in the bonds from the old to the new commissioners. It only authorized the new commissioners, upon giving the security required by law, to collect the bonds; and to bring suit, if necessary for the recovery thereof, in the names of the old commissioners. The right of the new commisioners to receive the money, does not imply a right to bring an action therefor in their own names. A person may have a right to receive money, without any corresponding right to bring an action for it in his own name. This happens whenever a chose in action, not negotiable by the law merchant, and not coming under the provisions in the Code, ch. 144, § 14, is assigned. The assignee has a right to receive the money, but not to bring an action therefor in his own name. He has, *46 however, an ample remedy. He has a right to bring an acthra at law in the name of his assignor; and he be regarded, even by a court of law, as the sub- ■ plaintiff in the action. The court will prokis rights, and will not permit the nominal plaintiff to receive the money, nor to release the debt, nor to dismiss the action. The same principle applies to this case. The Circuit court was therefore right in saying that the present commissioners have a right to sue upon the bonds in the name of Miller and Doddridge, the obligees.
But it was argued, that even if they had a right to bring such a suit, it ought to appear that the suit was brought by them or for their use; and that as the declaration does not show that the suit was so brought,'the fact, if it had been so, should have been replied to the plea. It is usual, when an action is brought .in the name of one person for the use of another, to state the fact in the body of the declaration, or by an endorsement thereon or on the writ. And it is useful and convenient to do so, to give notice to the defendant of the rights of the substantial plaintiff, and to enable the court to protect them by its orders. But this is not necessary. The statement is no material part of the pleadings. The cause of action is complete without it. It was, therefore, no bar to the action in this case that new commissioners had been substituted to the place of the plaintiffs, notwithstanding it may not appear on the record that the suit was brought by the former, or for their use. The defendants are in no danger of being compelled to pay the money into the wrong hands. They have an ample remedy to prevent that; but not by a plea in bar of the action. Their remedy is by motion. If they really apprehend that the action was not brought by or for the use of the new commissioners, and that, the old commissioners are fraudulently attempting to re *47 cover and collect the money for their own use, they can, by motion, obtain a rule requiring the new commissioners to avow and prosecute, or to disavow and dismiss the action. And the court, if it have cause to suspect any such thing, may and ought, ex mero motu, to award such a rule. The action was no doubt brought by and for the use of, the new commissioners. The fact is plainly inferable from the opinion of the court expressed in the bill of exceptions. It also appears, from an exhibit produced and read by the defendants in connection with their plea, that the new commissioners were appointed for the very purpose of bringing an action on the bonds. The action was in fact brought shortly thereafter. The attorneys who brought it, and the new commissioners, bear the same surnames (Quarrier and Gfillison), and may be the same persons.
I am of opinion that there is no error in the judgment, and that it be affirmed.
The other judges concurred in the opinion of Moncure, J.
Judgment affirmed.